UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

PRESIDENTIAL CANDIDATE NUMBER P60005535 also known as RONALD SATISH EMRIT, et al.,

Plaintiffs,

v.

FORMER PRESIDENT BARACK HUSSEIN OBAMA (BHO), et al.,

Defendants.

Case No.: 3:26-cv-02047-JAH-AHG

**ORDER:**

**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS**

**2) DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)**

**[ECF Nos. 1, 2]**

On March 31, 2026, Plaintiff Ronald Satish Emrit ("Plaintiff"), proceeding *pro se*, filed a complaint seeking injunctive relief, as well as damages against Former President Barack Hussein Obama (BHO), Michelle Obama, Former President Joe Biden, Jill Biden, Hunter Biden, Supreme Court Justice Ketanji Brown-Jackson, Former Prince Andrew of the Windsors, British Prime Minister Keir Starmer (collectively, "Defendants"). ECF No. 1 ("Complaint"). Plaintiff filed a motion to proceed *in forma pauperis* (IFP), pursuant to 28 U.S.C. §1915(a). ECF No. 2 ("Motion"). After careful review of the Complaint, and for the reasons set forth below, Plaintiff's IFP Motion is **GRANTED**, and the Complaint is **DISMISSED without prejudice and with leave to amend.**

//

# DISCUSSION

## I. Plaintiff's In Forma Pauperis Motion

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405.[1] 28 U.S.C. § 1914(a). However, pursuant to 28 U.S.C. §1915(a)(1), if the plaintiff is granted leave to proceed IFP, he may proceed despite failure to pay the entire fee. *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). For a court to grant leave to proceed IFP, the plaintiff is required to submit an affidavit, including a statement of all his assets, showing his inability to pay the statutory fee. 28 U.S.C. § 1915(a)(1). The plaintiff need not be penniless to proceed IFP, rather the affidavit need only state the plaintiff cannot, "because of his poverty[,] pay or give security for the costs ... and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotations omitted). "Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether affiant has satisfied the statute's requirement of indigency." *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), rev'd on other grounds, 506 U.S. 194 (1993) (internal citations omitted).

In support of the Motion, Plaintiff filed an application to proceed in District Court without prepaying fees or costs. ECF No. 2. The application reflects that Plaintiff receives disability payments of $1,036.00 per month and has no other income. *Id.* at 2. Plaintiff reports being disabled for at least two years. *Id.* Plaintiff reports a balance of $357.30 in a Truist Bank checking account. *Id.* Plaintiff reports no additional assets and incurs approximately $790.00 in total monthly expenses. *Id.* at 5. Based on the application, the

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)). The additional $55 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

Court finds that Plaintiff cannot pay the filing fee to commence his suit. Accordingly, this Court **GRANTS** Plaintiff's Motion to Proceed IFP.

**II. Sua Sponte Screening Pursuant to 28 U.S.C. § 1915(e)(2)(B)**

**A. Standard of Review**

A plaintiff who seeks leave to proceed IFP subjects their complaint to *sua sponte* review, and mandatory dismissal, if the action or appeal "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (internal citation omitted). Moreover, when the plaintiff is proceeding *pro se*, these pleading standards are even less stringent because "[a] document filed *pro se* is 'to be liberally construed[.]'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citation omitted).

However, the Court must establish jurisdiction over the controversy before determining the sufficiency of the claims. *Bell v. Hood*, 327 U.S. 678, 682 (1946). A Rule 12(b)(6) analysis[2] can only be conducted after the court has assumed jurisdiction over the controversy. *Id.* at 683-84.

**B. Lack of Subject Matter Jurisdiction**

The Court may raise the question of subject matter jurisdiction at any time during

---

[2] Rule 12(b)(6) challenges the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Although Rule 12(b)(6) does not require detailed essential facts for a complaint to "state a claim to relief that is plausible on its face," a plaintiff must plead sufficient facts that, if true, "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[t]hreadbare recitals of the elements of a cause of action… do not suffice…[n]or do…'naked assertion[s]' devoid of 'further factual enhancement.'").

the pendency of any action. Fed. R. Civ. P. 12(h)(3). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." *Id.* Under U.S. Const. art. III, § 2, cl. 1, the federal district courts have limited subject matter jurisdiction under three major categories: federal question, diversity of citizenship, and cases against the United States. Federal question cases refer to cases that arise under "the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Diversity of citizenship cases are between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Jurisdiction is proper where the United States is the defendant under 28 U.S.C. § 1346.

Plaintiff fails to allege facts supporting this Court's federal question jurisdiction over this matter. *See* Complaint. In the Complaint, Plaintiff lists "Title VII of the Civil Rights Act of 1964, Americans with Disabilities Act of 1990, Equal Protection Clause, Due Process Clause, Fourth Amendment and the Privileges and Immunities Clause," presumably as sources of federal question subject matter jurisdiction. *Id.* In the civil cover sheet, Plaintiff lists the "Civil Rights Act of 1964; Title VII 2nd [sic]" and the Federal Tort Claims Act as the U.S. Civil Statues under which their claim[s] are filed. ECF No. 1-1. Even liberally construed, the Court finds that Plaintiff's claims do not relate to federal statutes. Claims listed in the Complaint include defamation, public nuisance and tortious interference, which are all civil torts and not federal questions. ECF No. 1 at 5. "Count Three: Industrial Espionage" is not a cognizable cause of action under any federal statute. The Court is unable to liberally construe the claim as related to a federal statute based on the claim description "[c]ompanies which feature President Barack Obama (BHO) on their podcasts or through interviews are committing the tort of industrial espionage." *Id.* Plaintiff has failed to allege facts that would support federal question jurisdiction as to Count 3.

Additionally, Plaintiff fails to allege facts that would support jurisdiction based on diversity. Diversity jurisdiction has two requirements: diversity between citizens of different states and an amount in controversy that exceeds $75,000. 28 U.S.C. § 1332.

Regarding the first requirement, the civil cover sheet, which was filed in California, indicates that Plaintiff is "Citizen of Another State" and the defendant, Former President Barack Hussein Obama, is "Incorporated or Principal Place of Business In This State." ECF No. 1-1. However, Plaintiff indicates "Chicago" as the county of residency for the first named defendant, Former President Barack Hussein Obama. *Id.* Defendant's alleged residency in Chicago, Illinois, is diverse from Plaintiff's state(s) of residency reported as both Nevada and Maryland. ECF No. 1 at 3, 7. However, "[t]he diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Citizenship of a state requires United States citizenship and that it is the state of domicile which is their "permanent home, where [they] reside[] with the intention to remain or to which [they] intend[] to return." *Id.* Further, "in a diversity action, the plaintiff must state **all** parties' citizenships such that the existence of complete diversity can be confirmed." *Id.* (internal citations removed) (emphasis added). At this stage, Plaintiff is "merely required to allege (not to prove) diversity." *Id.* Plaintiff does not allege the state of citizenship or residency for any of the Defendants in his Complaint as required. ECF No. 1 at 3. Although pleadings drafted by a *pro se* plaintiff are construed liberally, liberal construction cannot supply facts Plaintiff did not allege. *See Erickson*, 551 U.S. at 94 (describing what "liberal construction" entails).

Regarding the second requirement of diversity jurisdiction, Plaintiff claims he is seeking "500 billion dollars for the commission of the torts of public nuisance, and tortious interference with politics." ECF No. 1 at 1. Plaintiff seeks "punitive, compensatory, treble, actual, presumed, and special damages in the amount of $500,000,000,000." ECF No. 1 at 6. Even when liberally construed, the pleadings must include facts sufficient for the Court to evaluate jurisdiction. Plaintiff's Complaint fails to "allege factual content that allows the court to draw the reasonable inference that [his harms]… were the direct result of the defendants' wrongful conduct." *Harmoni Int'l Spice, Inc. v. Hume*, 914 F.3d 648, 654 (9th Cir. 2019) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation modified).

Plaintiff fails to show that his alleged harms and claimed damages are connected by any facts. *See* Complaint. Without a factual basis, the damages amount is "mere averment" and not a fact supporting a valid amount in controversy as required for federal jurisdiction. *McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936). Plaintiff has not alleged sufficient facts for either the diversity of citizenship or the amount in controversy that would support the requirements for federal diversity jurisdiction.

Lastly, federal district courts have jurisdiction over cases against the United States. 28 U.S.C. § 1346. On the civil cover sheet, the basis of jurisdiction is marked as the "U.S. Government Defendant" and lists the cause of action as being under the Federal Tort Claims Act (FTCA). ECF No. 1-1. Claims arising under the FTCA require the United States to be the defendant. 28 U.S.C. § 2679(b)(1) (2010). Here, the United States is not one of the named defendants in this Complaint. ECF No. 1 at 1. And, at the time of filing the Complaint, Former President Barack Hussein Obama (BHO) was not a U.S. Government Defendant. Thus, Plaintiff has failed to allege facts that would support jurisdiction in a case against the United States.

In sum, Plaintiff has not alleged facts supporting jurisdiction through federal question, nor diversity of citizenship, nor is the United States a named defendant. Therefore, the Court finds no basis for jurisdiction over the complaint in federal district court.

## CONCLUSION

For all the reasons discussed above, IT IS HEREBY ORDERED:

1. Plaintiff's Motion to Proceed IFP, pursuant to 28 U.S.C. § 1915(a)(1), is **GRANTED**.
2. Plaintiff's complaint is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).
3. The Court **GRANTS** Plaintiff **leave to amend the Complaint.** Plaintiff has forty-five (45) days from the date of this Order to file an Amended Complaint which cures the deficient subject matter jurisdiction described herein. The Amended Complaint

must sufficiently allege facts to support jurisdiction in federal district court under 28 U.S.C. § 1331, 28 U.S.C. § 1332, or 28 U.S.C. § 1346. Plaintiff is cautioned, however, that should he choose to file an Amended Complaint, it must be complete by itself and comply with the Federal Rules of Civil Procedure. This includes Fed. R. Civ. P. Rule 8(a), and that any claim not re-alleged will be considered waived. See S.D. Cal. Civ. L.R. 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be considered "waived if not replied"). A failure to file an Amended Complaint will result in dismissal of this action without further order of the Court.

Dated: July 31, 2026

JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE